# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RAMIAH WHITESIDE,

                Plaintiff,

   v.

                                   Case No. 10-C-725

WILLIAM POLLARD, et al.,

                Defendants.

## ORDER

Plaintiff Ramiah Whiteside filed this action alleging that the Defendants were deliberately indifferent to his safety when they placed him in a cell with a dangerous inmate they knew was HIV-positive. In my screening order, I suggested that the case seemed weak but that given the liberal federal pleadings standards it would be allowed to proceed. Discovery has now confirmed that the case lacks merit. Accordingly, the Defendants' motion for summary judgment will be granted and the Plaintiff's motion denied.

In brief, I allowed the claim to proceed on the seemingly unlikely possibility that the Plaintiff would be able to come forward with evidence that the Defendants had knowingly or with deliberate indifference subjected him to a harm that had actually materialized. Specifically, the harm would have arisen out of Plaintiff's placement in a cell with another inmate who allegedly had a history of threatening to infect other inmates with HIV. The problem for the Plaintiff is that he has been unable to show that he was actually injured. Instead of citing an actual injury, he suggests it is enough that he endured the psychological pain of being forced to live in the same cell with the

other inmate for roughly one month. The mere fear of injury does not suffice to advance a § 1983 claim, however.

The Seventh Circuit had occasion to ask the question directly: "When officials knowingly and unreasonably house a prisoner with inmates who pose a substantial risk to his safety, what harm must actually befall the prisoner before a court may say that he is entitled to monetary compensation for a violation of his Eighth Amendment rights?" *Babcock v. White,* 102 F.3d 267, 271 (7th Cir. 1996). In that case, the inmate alleged "that he suffered severe psychological distress as a result of finding himself in the proximity of those who would kill him if given the opportunity." *Id.* The court found that was not enough to state a claim for damages under the Eighth Amendment: "However legitimate Babcock's fears may have been, we nevertheless believe that it is the reasonably preventable assault itself, rather than any fear of assault, that gives rise to a compensable claim under the Eighth Amendment." *Id.* at 272. As here, the injury alleged in *Babcock* was based on a failure to prevent exposure to a risk of harm rather than failure to prevent the harm itself. The psychological impact of being exposed to a risk of physical harm—which is what Plaintiff alleges in this case—is not enough to create Eighth Amendment liability.

The practical effect of adopting Plaintiff's position would be disastrous. First, it would not take much for most inmates to allege that they harbored some kind of unrealized fear about various conditions of confinement—a cell that *could* get cold in the winter, a guard with a temper, sometimes inadequate food, or other inmates who had a tendency to be dangerous. Subjecting prison staff to lawsuits about *risks,* rather than things that had actually occurred, would hamstring the prison system, not to mention the courts. Second, such a scenario would give inmates tremendous power. Here, for example, the Plaintiff has essentially second-guessed prison

2

management's decision to place him in a given cell. A lawsuit gives plaintiffs leverage and thus bargaining power, as it requires the state to respond and expend significant amounts of its resources. Allowing § 1983 claims to be based on nothing more than unrealized fears would insert the inmates themselves into the necessarily complex risk management process prison staff must undertake. But these are merely practical concerns. The central point is that the Eighth Amendment was not designed to remedy the kinds of abstract fears and unrealized harms Plaintiff alleges here, and precedent to that effect is clear.

Accordingly, the Defendants' motion for summary judgment is **GRANTED**. The Plaintiff's motion is **DENIED**. The case is **DISMISSED**.

**SO ORDERED** this ___31st___ day of January, 2012.

_s/ William C. Griesbach_____
William C. Griesbach
United States District Judge

3