UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RAMIAH WHITESIDE,

        Plaintiff,

v.                                                      Case No. 10-C-725

WILLIAM POLLARD, et al.,

        Defendants.

## DECISION AND ORDER DENYING RECONSIDERATION

      Plaintiff filed this action alleging cruel and unusual punishment arising out of the conditions of confinement at Green Bay Correctional Institution, where he is incarcerated. Since its inception, this action has run a tortuous path. In my initial screening order, I allowed Plaintiff to proceed on a claim that prison staff had acted with deliberate indifference to his health by placing him in a cell with an HIV-positive inmate who had a history of threatening to infect other inmates. Upon the Defendants' motion for summary judgment, I dismissed that claim on the grounds that Plaintiff had not been infected or otherwise harmed and had suffered (at most) only psychological injury for a limited period of time.

      Plaintiff moved for reconsideration, suggesting that this Court (and the Defendants) had overlooked his related claim that the conditions of confinement violated the Eighth Amendment. In short, he alleged that the HIV-positive cellmate routinely left blood around the sink and Plaintiff was given no means to clean it up. I directed the Defendants to respond to this allegation on the

ground that, if true, a cell with infected blood in it could violate basic standards of decency. The Defendants have now responded that Plaintiff has failed to exhaust his administrative remedies on such a claim. Plaintiff argues that they have waived any exhaustion defense by not raising it earlier. But they had no reason to: this Court's screening order did not allow Plaintiff to proceed on a conditions of confinement claim. Plaintiff's response and other missives complain that he is somehow being treated unfairly by this Court and the Defendants, but in truth this Court has gone to some lengths to ensure that the essence of his *pro se* complaint has been litigated. This case was dismissed in February but is still being considered in April. As of this writing, there are ninety-nine docket entries in a case in which the Plaintiff was never even harmed. In short, the Plaintiff's purported concerns about not receiving a fair hearing are not well-taken.

In any event, I am satisfied that Plaintiff has failed to exhaust. Plaintiff filed Complaint GBCI-2010-18768 in September 2010, some six months after his HIV+ cellmate had been moved. In that complaint, Plaintiff complains that he should have been given disinfectant and protective gear so that he could safely clean the blood in his cell. In the complaint itself, he explains that he waited so long to file the complaint because he had only recently learned about proper procedures for cleaning up blood spills. (Dkt. # 42, Ex. 1007.) Not surprisingly, the complaint was dismissed as untimely. The purpose of administrative complaints is not to cure abstract problems but to solve real ones. When the situation has long since been resolved, such a complaint serves no purpose and the exhaustion requirement has not been met. Accordingly, that complaint did not constitute proper exhaustion.

Plaintiff did raise the issue in a health services request filed in March 2010. There, he asked if he could get "some kind of disinfectant" to help clean up his cell. (Dkt. # 45, Ex. 1003.) The

2

response was that his cellmate should clean up after himself. This request does not constitute proper exhaustion either. First, Plaintiff is simply asking for disinfectant—he is not alleging that his cell is unconstitutionally indecent. Second, requests made through health services do not constitute proper exhaustion under Wisconsin's administrative rules. There are a number of reasons for this, but a primary one is that the exhaustion requirement is intended to alert authorities to a problem of potentially constitutional significance, whereas health requests are just that: requests for aid. Simply mentioning a problem to a nurse does not accomplish the goal of alerting higher authorities to the nature of the grievance.

> the plaintiff claims that he exhausted his Eighth Amendment claim because he filed three Health Services Request (HSR) forms complaining about various medical conditions . . . . The PLRA exhaustion requirement requires "proper exhaustion," meaning that the plaintiff must use the ICRS in accordance with the applicable procedural rules. . . . In this case, the procedural rules required the plaintiff to file an ICRS grievance to complain about prison conditions or the actions of prison officials. *See* Wis. Admin. Code § DOC 310.01(2)(a). Thus, the HSR forms to complaining about his medical conditions do not properly exhaust his Eighth Amendment claim.

*Dye v. Bartow,* 2007 WL 3306771, *5-6 (E.D.Wis. 2007).

As in *Dye,* the Plaintiff never filed a timely ICRS complaint and thus never properly exhausted his claim. Accordingly, to the extent the claim was even raised, it is now dismissed.

Plaintiff has also filed a notice of appeal and a motion to proceed on appeal *in forma pauperis.* The appeal was filed while the motion to reconsider was pending, making it premature. Under Fed. R. App. P. 4(a)(4), the notice of appeal becomes effective as of the issuance of this order addressing the motion for reconsideration. The motion to proceed IFP will be granted, as I cannot conclude the appeal is taken in bad faith.

3

The motion for reconsideration is **DENIED**. The motion for leave to appeal the judgment IFP is **GRANTED**. Plaintiff should forward the sum of $42.35 to this Court within 21 days as the initial partial filing fee for the appeal.

**SO ORDERED** this __3rd__ day of May, 2012.

                                                 s/ William C. Griesbach
                                                 William C. Griesbach
                                                 United States District Judge